FILED
U.S. DIST. COURT
OCT -6 2015
CLERK
S.D. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-100
)
PATRICK GODWIN-PAINTER, )
)
Defendant. )
)

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 59), to which objections have been filed (Doc. 63; Doc. 64). For the following reasons, the Magistrate Judge's Report and Recommendation (Doc. 59) is **ADOPTED** as the Court's opinion and Defendant's Motion to Dismiss Counts One and Two (Doc. 40), and Defendant's Motion to Dismiss Count One (Doc. 44) are **DENIED**.

### BACKGROUND

Briefly, Defendant filed a malpractice suit against his former attorney, M.T. The criminal complaint alleges that during settlement negotiations Defendant threatened to release certain damaging information unless M.T. resolved the litigation. (Doc. 44 at 3.) Later, Defendant and M.T. agreed that if M.T. paid $8,000,000.00, then Defendant would drop the lawsuit and provide M.T. with the damaging information. (Doc. 3 ¶ 6.) As a result, Defendant was charged with one count of using interstate

communications with the intent to extort under 18 U.S.C. § 875(d) and one count of extortion under the Hobbs Act, 18 U.S.C. § 1951. (Doc. 59.) The indictment did not provide any of the detail in the criminal complaint, but merely tracked the applicable statutory language. (Id. at 2.)

Defendant filed two motions to dismiss the counts in the indictment. The first, a motion to dismiss count one, argued that the indictment was invalid because it did not state that extortion was "wrongful." (Doc. 40 at 3.) The second, a motion to dismiss both counts, argued that both counts should be dismissed because Defendant's actions occurred in the context of civil litigation and could not be considered "wrongful." (Doc. 44 at 1.) The Magistrate Judge recommended that both of Defendant's motions be denied. The Magistrate Judge recommended denying the Motion to Dismiss Count One because the indictment "tracks the language of the statute, which contains all elements of a § 875(d) charge, and sets forth 'the essential facts' of the charged offense." (Doc. 59 at 11.) The Magistrate Judge recommended denying the Motion to Dismiss Count One and Two because the facts on the face of the indictment do not support dismissal as a matter of law. (Id. at 14.)

In his objections, Defendant re-argues that the facts as alleged in the criminal complaint show that the court should dismiss the indictment as a matter of law. Defendant also

contends that the Eleventh Circuit Court of Appeals's decision in United States v. Martinez, 2015 WL 5155225 (Sept. 3, 2015) mandates the dismissal of Count One.

**ANALYSIS**

I. MOTION TO DISMISS COUNTS ONE AND TWO

In his objections, Defendant re-alleges his previous argument that based on United States v. Pendergraft the Court may dismiss this indictment prior to trial as a matter of law. 297 F.3d 1198 (11th Cir. 2002) In Pendergraft, the Eleventh Circuit held that a "threat to file litigation . . . even if made in bad faith and supported by false affidavits, [is] not 'wrongful' within the meaning of the Hobbs Act." 297 F.3d at 1208. Defendant reasons that because threats to file litigation are not "wrongful" under the Hobbs Act, his threat to release damaging information is also not "wrongful."

However, the issue in this case is not whether this Court has the authority to dismiss the indictment, but instead whether this Court may go beyond the face of the indictment and evaluate the evidence in the criminal complaint pre-trial. As there is no "pre-trial determination of sufficiency of the evidence" in criminal cases, the Court is unable to undertake this task. United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992).

In addition, this Court is unconvinced that the outcome would be different if it did evaluate the facts as alleged in

3

the criminal complaint. In this case, Defendant both offered to drop his malpractice claim in return for money <u>and</u> threatened to release "damaging information" if the victim failed to pay. This is different from the events in <u>Pendergraft</u>, where the Defendant attempted to extort a settlement by means of a false affidavit. 297 F.3d at 1200. There the illegal act at issue, the making of the false affidavit, was directly related to the pending civil lawsuit. <u>Id.</u> In this case, Defendant has made the extortionate threat to publish "damaging evidence," coupled with an <u>additional</u> offer to dismiss the malpractice claim in exchange for $8,000,000.00. It is not altogether clear that Defendant intended to force a settlement by means of his threats—which could potentially fall under <u>Pendergraft</u>—or if his threats were merely an opportunity to receive additional payment—which may qualify as extortion. The Court finds it unlikely that the holding in <u>Pendergraft</u> was intended to allow an individual to make an extortionate threat, but then avoid prosecution by cloaking that wrongful threat in civil litigation. Regardless, as the Court does not find that the facts as alleged on the indictment provide sufficient evidence that this Court may dismiss it as a matter of law, Defendant's motion is denied.

II. <u>MOTION TO DISMISS COUNT ONE</u>

Defendant argued that Count One should be dismissed because it failed to allege "proof of a 'wrongful' use of threatened

4

force, violence, or fear." (Doc. 40 at 7.) The Magistrate Judge denied the motion, citing to United States v. Curley, 2014 WL 199948 (D. Me. Jan. 16, 2014), for the proposition that indictments charging a violation of 18 U.S.C. § 875(d) do not have to include a "wrongfulness" component to be effective. (Doc. 59 at 8.) However, Defendant argues that the Eleventh Circuit's recent decision in Martinez mandates that that this Court dismiss the indictment as it pertains to Count One. However, this argument is unavailing. (Doc. 64 at 2.)

Martinez involved a defendant charged under 18 U.S.C. § 875(c). The defendant moved to dismiss the indictment, arguing that it was deficient because it failed to allege that she had "subjectively intended to convey a threat to injure others." United States v. Martinez, 736 F.3d 981, 983 (11th Cir. 2013). Initially, the Eleventh Circuit denied the motion. The defendant sought an appeal to the Supreme Court, which remanded the case for further consideration in light of Elonis v. United States, 575 U.S. ___, 135 S. Ct. 2001 (2015). Martinez v. United States, ___ U.S. ___, 135 S. Ct. 2798 (2015). On remand, the Eleventh Circuit dismissed the indictment and held that it was "insufficient as it fails to allege an essential element of § 875(c)," namely the subjective intent to convey a threat to injure others. Martinez, 2015 WL 5155225 at *2. Drawing a corollary, Defendant claims that the ruling in Martinez mandates

5

that this Court find that Defendant's indictment fails to allege an essential element because it did not include a wrongfulness component.

Martinez, however, is inapplicable to this case. In Martinez, the court addressed 18 U.S.C. § 875(c), which deals with threats to kidnap or injure any person. Whereas the provision at issue here, 18 U.S.C. § 875(d) addresses extortion. More importantly, however, § 875(c) does not include a specific mens rea component. In this case, Defendant has been indicted under 18 U.S.C. § 875(d), which does not have such ambiguity. Unlike § 875(c), § 875(d) does requires a specific intent to extort and, as a result, indictments tracking that section's statutory language do not suffer from the same failing as the indictment in Martinez. In fact, Elonis noted this distinction between § 875(c) and § 875(d) when determining that an indictment under § 875(c) did indeed require a pleading of specific intent. 135 S. Ct. at 2008. Thus, as discussed in the Report and Recommendation, there is no requirement that "an indictment [charging a § 875(d) violation] must state, as an element, the law as judicially pronounced," and Martinez does not impose one. Curley, 2014 WL 199948 at *4.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation (Doc. 59) is **ADOPTED** as the Court's opinion

and Defendant's Motion to Dismiss Counts One and Two (Doc. 40), and Defendant's Motion to Dismiss Count One (Doc. 44) are **DENIED.** SO ORDERED this 5th day of October 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA